No. 4458.

Court of Appeal, Parish of Orleans.

## IN RE. J. F. LINDNER PRAYING FOR CONFIRMATION OF TITLE.

1. In a proper case a review of the proceedings or relief from alleged erroneous action of the trial Court in the exercise of the power to punish for contempt of Court—may be had, but the method of such review is not by appeal.
2. Nor does the fact that the case in which the contempt of Court has been committed is appealable render the proceedings for contempt appealable.

Appeal from Civil District Court, Division D.

Theo. Cotonio, Plaintiff and Appellee.

Albert Voorhies, defendant and appellant.

MOORE, J. It appears from the record that on the 10th day of November, 1905, a judgment was rendered herein against Delia B. Dooling, wife of Joseph Pompei and her said husband, declaring one J. F. Lindner to be the owner and entitled to the possession of a certain piece of real estate, fully described in the judgment, and "enjoining and prohibiting the said Delia B. Dooling and her said husband from claiming and setting up any right, title or interest in or to the said property, or any part or portion thereof   *   *."

The judgment was signed on the 16th of November, 1905, and was not appealed from. Thereafter, to wit on the 12th of May, 1907, Lindner conceived that Mrs. Delia B. Dooling and one Alfred E. Ringe had taken some action which was in violation of the injunction and prohibition affirmed by the judgment, *supra,* hence his rule against said parties to show cause why they should not be punished for contempt.

Thereupon, after due hearing, the rule was discharged as to Mrs. Delia B. Dooling, wife as aforesaid, but Alfred E. Ringe was adjudged guilty and a fine of ten dollars and the payment of costs was adjudged against him for his contempt. From this action of the Court Ringe appealed.

His appeal is met here by a motion to dismiss it: First, because no appeal lies from the action of courts in such proceed-

ings; and, second: Because, even if it does, the amount of the fine imposed is below the lowest jurisdictional limit of this Court in appeals from District Courts. It is elementary that courts have the inherent power in the absence of Constitutional limitations upon their powers, to punish as a contempt any act, whether committed in or out of their presence, which tends to impair, embarrass, or obstruct them in the discharge of their duties, and that the exercise by a Court of competent jurisdiction and upon proper proceedings, of the power to punish for contempt, cannot be reviewed.

In a proper case, however, a review of the proceedings or relief from alleged erroneous action of the trial Court may be had; but the method of such review is not by appeal, nor can the fact that the case in which the contempt of Court has been committed is appealable, render the proceedings for contempt appealable.

Ex parte Wood, 30 A. 673.

State vs. Judge, 35 A. 1194.

State vs. Judge, 41 A. 314.

State vs. Judge, 434.

The remedy is by certiorari and prohibition, or in cases of imprisonment, by habeas corpus. Ibid., and 32 A. 1225; 40 A. 398; 30 A. 672; 36 A. 523; 118 La. An. 827, and cases cited therein.

For these reasons the appeal is dismissed.

March 23, 1908.

Rehearing refused June 22, 1908.

Writ denied by Supreme Court August 18, 1908.